IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAX JOHNSON, | * | |
| *Plaintiff,* | * | |
| v. | * | **Case No. 1:23-cv-01567-JRR** |
| MARK BEGOR, CEO of Equifax, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

*Pro Se* Plaintiff Dax Johnson filed suit in the District Court of Maryland for Baltimore City against Defendant Equifax Information Services LLC[1] alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.  (ECF No. 4; the "Complaint.")  Defendant then removed the action to this court.  (ECF No. 1.)  Pending now before the court is Defendant's Motion to Dismiss and in the Alternative Motion for More Definite Statement.  (ECF No. 7; "the Motion.")  The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the Motion, construed as a motion to dismiss, will be granted.

## I.  BACKGROUND[2]

On May 2, 2023, Plaintiff filed the underlying action in the District Court of Maryland for Baltimore City.  (ECF Nos. 1, 4.)  In full, the Complaint alleges: "8 violations of Fair Credit Reporting Act. Improper reporting on my credit and refusing to fix it. [T]hese violations have

---

[1] The parties agree that, while "Mark Begor, CEO of Equifax" is identified as Defendant, the proper and intended Defendant is Equifax Information Services LLC.  (ECF No. 7-1 at p. 1; ECF No. 10 at p. 1.)

[2] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint.  (ECF No. 4.)  *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

caused me to be denied credit. [A]nd have caused undue stress for excessive high interest rates offer [sic]." (ECF No. 4 at p. 1.)  Defendant then removed this action to federal court on June 9, 2023. (ECF No. 1.)

On June 16, 2023, Defendant filed the present Motion seeking to dismiss this case for failure to state a claim upon which relief may be granted or, in the alternative, for a more definite statement. (ECF No. 7.)  Plaintiff responded on July 11, 2023, asserting that "[t]here are still facts that need to be addressed and summary judgment should not be granted to the defendant." (ECF No. 10 at p. 1.)  Defendant subsequently replied. (ECF No. 11.)

## II.     LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "[A] complaint that provides

no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

"[P]ro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

### B.  Federal Rule of Civil Procedure 12(e)

Rule 12(e) provides in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e).  "Unlike a motion to dismiss for failure to state a claim, which attacks the legal sufficiency of a complaint, a motion for a more definite statement focuses on whether a party has 'enough information to frame an adequate answer.'" *Malibu Media, LLC v. Doe*, No. WDQ-14-cv-748, 2015 WL 857408, at *2 (D. Md. Feb. 26, 2015) (quoting *Streeter v. SSOE Sys.*, No. WMN-09-cv-01022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009)).  "A motion for a more

definite statement challenges the unintelligibility or ambiguity of the complaint, not the adequacy of the allegations to state a claim." *Id.* "A pleading that can survive a motion for a more definite statement 'necessarily can withstand' a motion to dismiss." *Id.* (citing *Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 349 n.3 (4th Cir. 2005)). "Whether to grant a motion for a more definite statement is 'generally left to the district court's discretion.'" *Id.* at *3 (quoting *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973)). "However, this motion is disfavored because of the liberal pleading standard." *Id.* "If the movant seeks information that is available or properly sought through discovery, the motion should be denied." *Id.*

Because the court resolves the pending Motion on the issue of the "adequacy of the allegations to state a claim," it will construe Defendant's Motion as a motion to dismiss pursuant to Rule 12(b)(6) as opposed to a motion for more definite statement. *See Malibu Media, LLC*, 2015 WL 857408, at *2, *supra*.

## III.   <u>ANALYSIS</u>

Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted because his Complaint "lacks minimal, if any, explanation of the basis of Plaintiff's claims against the Defendant." (ECF No. 7-1 at p. 3.) As stated above, Plaintiff's Complaint, read liberally, consists of four sentences, alleging eight violations of the FCRA based on improper reporting on his credit. (ECF No. 4.) Based on Plaintiff's allegation of "improper reporting" and "refusing to fix" the improper reporting, the court liberally construes Plaintiff's Complaint as alleging violations of Sections 1681e(b) and 1681i of the FCRA.

The Fourth Circuit has explained:

> In enacting FCRA Congress adopted a variety of measures designed to insure that agencies report accurate information. Two of these measures, 15 U.S.C. §§ 1681e(b) and § 1681k, deal with the procedures consumer reporting agencies must follow when

> collecting and transmitting information. Congress also gave individuals the right to sue reporting agencies for violations of FCRA.

*Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414–15 (4th Cir. 2001). Under the FCRA, consumer credit reporting agencies are required to maintain "reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the . . . accuracy . . . of such information." *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 499–500 (4th Cir. 2007) (quoting 15 U.S.C. § 1681(b)). The "FCRA does not impose strict liability on consumer reporting agencies for inaccuracies in reporting. Instead, FCRA imposes liability for negligent noncompliance with the Act, and it allows for enhanced penalties for willful violations." *Dalton*, 257 F.3d at 417.

"To prevail on a claim for violation of Section 1681e(b), a plaintiff must prove that: (1) his consumer report contains inaccurate information; (2) the [credit reporting agency] did not follow reasonable procedures to assure maximum possible accuracy of that consumer report; and (3) damages." *Letren v. Trans Union, LLC*, No. CV PX 15-3361, 2017 WL 445237, at *6 (D. Md. Feb. 2, 2017). *See Dalton*, 257 F.3d at 415 ("[A] consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy.") Similarly, to state a claim for a violation of Section 1681i, Plaintiff must allege "(1) that [he] disputed the accuracy of an item in [his] credit file; (2) the [credit reporting agency] failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the [credit reporting agency] could have uncovered the inaccuracy." *Simmons v. TransUnion, LLC*, No. CV JKB-23-1951, 2024 WL 249392, at *3 (D. Md. Jan. 23, 2024) (citations omitted).

As explained *supra*, Plaintiff has a burden to state a claim upon which relief is plausible. *See Twombly*, 550 U.S. at 570, *supra*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). "[L]iberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). As this court previously explained in *Levere v. Signature Properties, LLC*:

> In short, the leeway extended to a *pro se* plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8. The Court cannot construct the plaintiff's legal arguments for him.
>
> A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief constitutes a 'shotgun pleading.' [P]leadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability); they also water down the rights of parties to have valid claims litigated efficiently and waste scarce judicial resources.

No. CV ELH-21-1929, 2022 WL 2159837, at *10 (D. Md. June 14, 2022) (citations omitted)).

Here, Plaintiff's Complaint amounts to a "shotgun pleading." The threadbare allegations are conclusory assertions, with no factual basis, that Defendant violated the FCRA through "improper reporting" and "refusing to fix it." Such allegations do not apprise Defendant of the particular claims brought against it. Plaintiff does not allege that his consumer report contains inaccurate information (or, if so, what that inaccurate information is) or that Defendant failed to abide reasonable procedures to assure the accuracy of his consumer report. (ECF No. 4.) *See Letren,* WL 445237, at *6, *supra*. Plaintiff further fails to allege that he disputed the accuracy of his credit file, that Defendant failed to conduct a reasonable investigation, or that a reasonable

investigation by Defendant could have uncovered the inaccuracy.[3]  *See Simmons*, 2024 WL 249392, at *3, *supra*.  According, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 7), construed as a motion to dismiss, will be GRANTED.

/S/

February 22, 2024

_____

Julie R. Rubin
United States District Judge

---

[3] In his opposition, Plaintiff attaches an exhibit purportedly showing his report to Defendant of inaccuracies in his credit report.  (ECF No. 10-2.)  The court declines to consider this exhibit, as an exhibit to a plaintiff's response brief is not a proper mechanism to move to amend a complaint.  *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) ("[C]ourts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated into the complaint."  (citations omitted)); *McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 541 (D. Md. 2016) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Thus, to the extent there are any new allegations raised in Plaintiff's opposition, the court declines to consider them.